UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEION GRIFFIN,

Petitioner,

v.

SACRAMENTO SHERIFF,

Respondent.

No. 2:26-cv-0554-DAD-JDP (P)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS ACTION WITHOUT PREJUDICE

(Doc. No. 5)

Petitioner, a county detainee proceeding *pro se*, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 23, 2026. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17).

On March 10, 2026, the assigned magistrate judge issued an order requiring petitioner to file a completed *in forma pauperis* application or tender the required filing fee within thirty days. (Doc. No. 3.) Petitioner did not respond to that order within the time provided. Accordingly, on September 10, 2026, the magistrate judge issued an order requiring petitioner to show cause in writing within fourteen (14) days why this action should not be dismissed without prejudice due to his failure to prosecute and comply with the court's order, warning him that his failure to respond would result in a recommendation that this action be dismissed. (Doc. No. 4.) Although

served with the order to show cause at his address of record, petitioner again failed to respond.[1] Therefore, on September 25, 2026, the magistrate judge issued the pending findings and recommendations recommending that this habeas action be dismissed without prejudice due to petitioner's failure to prosecute, and failure to comply with the court's orders. (Doc. No. 5.) The findings and recommendations were served on petitioner at his address of record and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 3.) No objections to the findings and recommendations were filed by petitioner, nor has he otherwise communicated with the court, and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

In addition, the court declines to issue a certificate of appealability. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). Where, as here, the petition is dismissed on procedural grounds, a certificate of appealability should issue if the prisoner can show: (1) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling; and (2) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The court concludes that reasonable jurists would not find the court's dismissal of the petition without prejudice to be debatable, wrong, or deserving of encouragement to proceed further.

/////

/////

[1] The court notes that both the order to show cause and the September 25, 2026, findings and recommendations were served on petitioner by mail to his address of record but both were returned to the court by the U.S. Postal Service as "undeliverable," "unable to forward", and "not in custody." It thus appears that petitioner has also failed to keep the court apprised of any change in address as required by the Local Rules of this court.

Accordingly:

1. The findings and recommendations issued September 25, 2026 (Doc. No. 5), are adopted in full;
2. This action is DISMISSED without prejudice due to petitioner's failure to comply with court orders and failure to prosecute; and
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 2, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE